IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA STATE PORT AUTHORITY, An Agency of the State of Alabama, | X X | |
| Plaintiff, | X | |
| v. | X | CASE NO. 1:15-CV-172 |
| CHIPPEWA LAKES, LLC, | X | |
| Defendant. | X | |

ANSWER TO COMPLAINT

Comes now Chippewa Lakes, LLC, Defendant in the above styled cause (hereafter "Chippewa Lakes"), by and through its attorney of record, and for answer to the Complaint on file in the above styled cause would show unto the Court as follows, to-wit:

    1. Admitted.

    2. Admitted.

    3. Admitted, to the extent "historically" means subsequent to August 21, 1956.

4. Admitted. Chippewa Lakes further responds that the Mobile River Ship channel is a part of the waters of the United States and that civil works projects to excavate, alter, or modify the course, condition, or capacity of those waters is prohibited unless recommended by the Chief of Engineers and authorized by the U.S. Army Corps of Engineers (hereafter "USACE") pursuant to the <u>Rivers & Harbors Act</u>, 33 USC § 403, et seq.

5. Admitted that in connection with civil works projects to improve navigation of the Mobile River Ship channel, the Alabama State Port Authority (hereafter the "Port Authority") is responsible to provide without cost of the United States "all necessary lands, easements and rights-of-way," and assurance that "such conditions of cooperation as are required will be accomplished" all as provided by the <u>Rivers & Harbors Act</u>, 33 USC § 577(c). However, denied that the Port Authority is to "handle" the "maintenance dredging of the Mobile Ship channel," which "dredging and related work" is performed under authority of USACE, or by contract between USACE and "private industry" as determined by the Chief of Engineers, pursuant to the <u>Rivers & Harbors Act</u>, 33 USC § 622(a). <u>See</u> <u>also</u>, <u>U.S. Army Corps of Engineers Project Partnership Kit</u> (WR Report No. 96-R-10) (Revised)(January 2001).

6. Admitted, except that:

(A) On the date of the condemnation referenced in the Complaint, the United States of America was then the holder of a Spoil Disposal Easement and Pipeline Right-of-Way dated August 21, 1956, recorded in Book 715, page 106 in the Office of the Judge of Probate of Mobile County, Alabama covering the subject lands, which easement was granted by a predecessor in title to Chippewa Lakes and which easement was subject to termination by Chippewa Lakes on ninety (90) days written notice given at any time after June 30, 1957. Notice of termination of that easement was given by document captioned Notice of Cancellation and Termination of Easements dated the \_\_\_\_\_ day of April, 2013 and recorded in Book 7012, page 473 in the Office of the Judge of Probate of Mobile County, Alabama;

(B) On the date of the condemnation referenced in the Complaint, the State of Alabama was then the holder of a Spoil Disposal and Pipe-Line Easement and Right-of-Way Agreement dated April 5, 1963, recorded in Real Property Book 438, page 927 in the Office of the Judge of Probate of Mobile County, Alabama covering the subject lands, which easement was granted by the predecessor in title of Chippewa Lakes and which easement was subject to termination by Chippewa Lakes on 180 days written notice given at any time after 25 years from the date of

execution of the easement. Notice of termination of that easement was given by document captioned Notice of Cancellation and Termination of Easements dated the _____ day of April, 2013 and recorded in Book 7012, page 473 in the Office of the Judge of Probate of Mobile County, Alabama;

    (C) Lands in addition to those described in Exhibit "A" to the Complaint were the subject of the referenced condemnation proceeding and, the interest in the said lands which was condemned was

> a perpetual and assignable right and easement to construct, operate, and maintain a dredged material disposal area on said land, including the right to construct and maintain dikes and accomplish any alteration or contours on said land for the purpose of accommodating the deposit of dredged material as necessary in connection with such works; to clear, cut, fell, remove and dispose of any and all trees, timber, underbrush, building, and/or other obstructions therefrom; and for such other purposes that may be required in connection with said works; reserving, however, to the landowners, their heirs and assigns, all such rights and privileges as may be used and enjoyed without interfering with the use of the project for the purpose authorized by Congress or abridging the rights and easement hereby acquired; and

    (D) Subsequent to the acquisition by condemnation of certain lands to be used by USACE in connection with the construction and maintenance of the civil works project to improve navigation of the Mobile River Ship channel, the right,

title, or interest in all or part of those lands so acquired by the Port Authority were transferred to, "provided", or made available for use by, USACE in connection with one or more civil works projects to be constructed and maintained by USACE, under authority of the <u>Rivers & Harbors Act</u>, 33 USC § 577(c).

  7. Admitted.

  8. Admitted, except that:

  (A) The settlement of the differences of the parties referred to in Paragraph 8 of the Complaint is also evidenced by a Stipulation dated December 30, 1989 and recorded on April 9, 1990 in that action styled <u>State of Alabama v. Aluminum Company of America, et al.</u>, Case No. CV-87-908, in the Circuit Court of Mobile County, Alabama, together with a Judgment consistent with that Stipulation entered in that action on June 5, 1990; and a Stipulation dated April 16, 1990 and filed on April 16, 1990 in that certain action styled <u>State of Alabama v. Meaher, et al.</u>, Case No. CV-88-1949, in the Circuit Court of Mobile County, Alabama;

  (B) Paragraph 8 b. of the Complaint erroneously quotes from the Judgment entered on April 16, 1990 in that such quoted language should be as follows:

> ...that the condemnation award in the foregoing matter, in favor of the Defendants, should be the $560,000.00 heretofore distributed to the Defendant's plus all

       amounts due including interest on the Certificate of Deposit with AmSouth Bank, N.A., dated January 24, 1990 in the sum of $473,267.37, which will be in full and complete compensation and award of damages due the Defendants in this matter; and

(C) The Judgment of April 16, 1990 bears a handwritten notation at the foot of the document which appears to be as follows: "4-16-90 Judgment Cancelled."

9. Admitted that the funds described in the Judgment of April 16, 1990 were paid to the Defendant's predecessors in title, but that Chippewa Lakes is without knowledge or information sufficient to form a belief as to whether Defendant's predecessors in title "cancelled the judgment of record" or whether Defendant's predecessors in title wrote any notation at the foot of the Judgment of April 16, 1990 and, therefore, denies the same; and said Defendant further denies that the intent of the author of the notation at the foot of that Judgment was to acknowledge receipt by the Defendant's predecessors in title of the funds referenced in the Judgment.

10. Admitted that between August 21, 1956 and April, 2013, the subject lands have been used with the permission of the Defendant and Defendant's predecessors in title under the terms of the above mentioned Spoil Disposal and Pipe-Line Easement and Right-of-Way Agreement dated August 21, 1956 and the Spoil Disposal and Pipe-Line Easement and Right-of-Way Agreement dated

April 5, 1963 for the disposal and storage of spoil from the civil works projects of USACE in connection with the dredging of the navigable waters of the Mobile River Ship channel under authority of the <u>Rivers & Harbors Act</u>, 33 USC § 403, et seq. Chippewa Lakes further alleges that by letter dated April 12, 2013 to the Port Authority, Col. Steven J. Roemhildt, Commanding Officer U.S. Army Corps of Engineers, and The District Engineer, Corps of Engineers, notice was given by Chippewa Lakes of the termination of all rights in the subject lands under those easements.

    11. Admitted, except that the lands on which USACE has continued since April 12, 2013 to deposit and store spoil material, notwithstanding the request of Chippewa Lakes not to do so, includes both lands in which USACE has a valid right, title, and interest by those rights being "provided" to it by the Port Authority under condemnation in 1988, and also includes lands stipulated by the parties and declared by the Circuit Court of Mobile County, Alabama in its Judgment dated and filed on June 5, 1990 to be owned by the predecessors in title of Chippewa Lakes, which lands are now owned by Chippewa Lakes and in which Chippewa Lakes contends that USACE has no right, title, or interest.

    12. Denied. Defendant does not contend that the Port Authority "acquired nothing" in the condemnation, nor does

Defendant contend that USACE presently holds no right, title, or interest in any of the lands acquired by condemnation in 1988, but rather Defendant contends that USACE presently owns a valid right, title, and interest in and to a portion of those lands consisting of approximately 59.37 acres.

13. Admitted that Chippewa Lakes claims to own the fee simple to lands, free of easement or right of way, on which USACE continues to deposit and store spoil material from its dredging operations, which lands are described as follows:

> A portion of the Easterly Projection of Lot 22, Blakeley Island, said lot shown on record plat recorded in Deed Book 65 N.S., page 428, et seq. in the Probate Records of Mobile County, Alabama being more particularly described as follows: Commencing at an existing 2" open top pipe in the location of an obliterated concrete monument shown on many previous plats as being the intersection of the South line of Lot 22 and the Northerly extension of the 120' Old Hwy. 90 R.O.W.; thence South 89°38'52" East, along the South line of said Lot 22 a distance of 1,576.01 feet to a set 5/8" capped rebar on the West shoreline of Polecat Bay as shown on State of Alabama Conservation Map dated April 2, 1973 being the Point of Beginning; thence Northerly along said shoreline along the following courses: thence North 35°09'15" West, a distance of 359.84 feet to a point; thence North 21°48'05" West, a distance of 807.77 feet to a point; thence North 02°51'45" West, a distance of 349.80 feet more or less to a set 5/8" capped rebar; thence North 88°32'56" East, leaving said shoreline a distance of 858.39 feet to a point; thence South 89°05'24" East, a distance of 570.43 feet to a point; thence

>North 89°12'45" East, a distance of 846.46
>feet to a point; thence South 14°22'50" East,
>a distance of 753.79 feet; thence South
>13°35'59" East, a distance of 720.90 feet to
>a point; thence North 89°38'52" West, a
>distance of 2,106.97 feet to the Point of
>Beginning, said parcel containing 73.93
>acres, more or less.

14. Admitted that a justiciable controversy exists between Chippewa Lakes and the Port Authority to the extent that the Port Authority claims to hold the record title to an easement in the lands of Chippewa Lakes described next above, but alleges that declaratory relief granted only to Chippewa Lakes and the Port Authority will not terminate that controversy. Defendant alleges that the Port Authority lacks standing to bring this action to the extent that the estate or interest in the title to an easement in those lands is claimed by USACE, an agency of the United States of America, and that in order to grant complete relief to the parties and to terminate the controversy, the United States of America must be made a party to this proceeding. Chippewa Lakes is without knowledge or information sufficient to form a belief as to the balance of the allegations of Paragraph 14 of the Complaint and, therefore, denies the same.

### FIRST AFFIRMATIVE DEFENSE

For further Answer to the Complaint the Defendant would show unto the Court that the Plaintiff lacks standing to bring

this action as it concerns the estate or interest of the U.S. Army Corps of Engineers, an agency of the United States of America, in the title to the lands which are the subject hereof. The Defendant would show unto the Court that the real party in interest concerning that claim is the United States of America, of which the U.S. Army Corps of Engineers is an agency and the party in which the title to the easement acquired by the Port Authority is now claimed to be held, and which is the party responsible for carrying out civil works projects for the improvement of rivers and harbors under the <u>Rivers & Harbors Act</u>, 33 USC § 622, et seq. <u>See</u> <u>also</u> <u>U.S. Army Corps of Engineers Project Partnership Kit</u> (WR Report No. 96-R-10)(Revised)(January 2001).

## SECOND AFFIRMATIVE DEFENSE

For further Answer to the Complaint the Defendant would show unto the Court that the United States of America is a Required Party to this action within the meaning of Rule 19(a)(1)

of the Federal Rules of Civil Procedure and should be joined as a party Plaintiff.

        **s/Allan R. Chason**
        Federal Bar Number: CHASA0707
        Attorney for Defendant,
        Chippewa Lakes, LLC
        CHASON & CHASON, P.C.
        P. O. Box 100
        Bay Minette, Alabama 36507
        Fax: (251)937-2101
        E-Mail: achason@chasonlaw.com

        **s/Jessica M. McDill**
        Federal Bar Number: THOMJ5487
        Attorney for Defendant,
        Chippewa Lakes, LLC
        CHASON & CHASON, P.C.
        P. O. Box 100
        Bay Minette, Alabama 36507
        Fax: (251)937-2101
        E-Mail: jmm@chasonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2015, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the same to W. Alexander Moseley, Hand

Arendall, LLC, P. O. Box 123, Mobile, Alabama 36507, amoseley@handarendall.com; and Norman M. Stockman, Hand Arendall, LLC, P. O. Box 123, Mobile, Alabama 36601, nstockman@handarendall.com at their respective electronic mail addresses.

**s/Allan R. Chason**
Federal Bar Number: CHASA0707
Attorney for Defendant,
Chippewa Lakes, LLC
CHASON & CHASON, P.C.
P. O. Box 100
Bay Minette, Alabama 36507
Fax: (251)937-2101
E-Mail: achason@chasonlaw.com

00024018.WPDver2